[No. 17974. Department One. November 8, 1923.]

OTIS ELEVATOR COMPANY, *Appellant,* v. SEATTLE TITLE TRUST COMPANY *et al., Respondents.*[1]

FIXTURES (8, 9)—AS SUBJECT TO MECHANIC'S LIENS—MORTGAGES AND SUBSEQUENT LIENS. Where, on appeal to the supreme court, it was held that an elevator was a fixture and subject to the liens of claimants for liens against the building, the elevator company is bound thereby and cannot claim the right to remove the elevator as against the lien claimants' assignee, who redeemed from the fore-closure sale of the building as a redemptioner entitled to protect the liens.

Appeal from a judgment of the superior court for King county, Smith, J., entered November 27, 1922, dismissing an action to recover the value of fixtures, upon sustaining a demurrer to the complaint. Affirmed.

*Bogle, Merritt & Bogle,* for appellant.

*Roberts & Skeel* and *Glen E. Wilson,* for respondents.

MITCHELL, J.—This action was commenced by the Otis Elevator Company in 1921. The amended complaint alleges, in effect, that in June, 1919, a judgment was entered in the superior court for King county, in the case of King v. Blitchfeldt et al., adjudicating divers liens consisting of mortgages and the liens of mechanics and materialmen, and fixing the priorities

[1]Reported in 219 Pac. 841.

of all such liens upon property known as the Sagamore Apartments. That it was determined in that judgment that a mortgage to Paul C. Harper, as trustee, was a first lien upon the property and that the Otis Elevator Company was the owner of and entitled to remove from the building an elevator it had installed therein. That the liens established amounted to many thousands of dollars in excess of the amounts due certain persons who appealed from a portion of that judgment. That the judgment ordered the property to be sold, subject to the mortgage held by Paul C. Harper, trustee, and subject to the right of the Otis Elevator Company to remove the elevator, to satisfy the lien claims and a mortgage claim of the Title Trust Company, now known as the Seattle Title Trust Company, and to distribute the proceeds among the lien claimants and the Title Trust Company according to the priorities established. That an order of sale issued out of the superior court pursuant to the terms of the judgment; and thereafter, on September 22, 1919, the sheriff made and filed his return that, according to the order of sale, he had, on September 20, 1919, sold the property to William H. Surber, assignee, for the sum of $22,771.19, subject to the Harper mortgage and subject also to the right of the Otis Elevator Company to remove the elevator from the premises; and had applied the proceeds in full satisfaction of the judgments of King and Surber, assignee, leaving unsatisfied the judgments in favor of the Title Trust Company, Ralph Truax and J. F. Dubail doing business as the Inlaid Floor Company, David Williams and William B. Putnam doing business as Seattle Marble and Tile Company, the Puget Sound Art Glass Company, and I. J. Kohler, in the total sum of $12,210.99 with interest and costs; and that, on September 20, 1919, the sheriff de-

livered to William H. Surber, assignee, a certificate of
purchase which was duly recorded in the auditor's
office on October 17, 1919.

The amended complaint further states that, some
days prior to the sheriff's sale, the Title Trust Com-
pany, the Inlaid Floor Company, and the Seattle
Marble and Tile Company, appealed from that pro-
vision of the judgment decreeing the Otis Elevator
Company to be the owner of and having the right to
remove the elevator from the building; that no other
party to the cause appealed from the judgment; and
that, on the appeal, the supreme court decided that the
decree should be modified so that the appellants,

". . . . shall be awarded foreclosure of their
mortgage and lien claims as against the elevator plant
as a part of the realty, and that the claim of property
made by the elevator company in the elevator plant
should be held for naught as against these mortgage
and lien claims. It is so ordered and the case is re-
manded to the trial court with directions to correct its
decree accordingly."

That, thereafter, in August and September, the Se-
attle Marble and Tile Company and the Inlaid Floor
Company sold, assigned and delivered their respective
judgment claims to the Title Trust Company; and that
on September 18, 1920, the superior court for King
county entered a judgment in accordance with the de-
cision and order of the supreme court. That, on Sep-
tember 20, 1920, the Seattle Title Trust Company re-
deemed the property from the purchaser at the
sheriff's sale, upon paying $26,292.10, that being the
full amount of the purchase price at the sheriff's sale,
together with interest, whereupon the sheriff issued
and delivered to the Seattle Title Trust Company a
certificate of redemption, wherein the property was
described and stating therein it had been sold subject

to the Harper mortgage and subject also to the right of the Otis Elevator Company to remove the elevator from the building, and that thereafter, on November 27, 1920, the sheriff issued to the redemptioner a sheriff's deed to the property.

It is further alleged that the plaintiff is the owner of, and entitled to remove, the elevator and that its due and legal demand to do so had been refused by the defendants, to plaintiff's damage in the sum of $2,500, and that the elevator is reasonably worth the sum of $5,000, in which amounts judgment was demanded against the defendants.

It may be stated that there are some other matters mentioned in the pleading that we think are immaterial to the controlling features of the amended complaint. A general demurrer to the amended complaint was sustained. The plaintiff refused to plead further, and has appealed from the judgment dismissing the action.

The appellant makes no claim to any rights as a redemptioner. It has never claimed any interest in the real property, but only that the elevator was personalty of which it was the owner with the right of removal. It prevailed in that respect in the original judgment under which the building, without the elevator, and the ground on which the building was situate, were sold by the sheriff on behalf of certain lien creditors, whom it was determined had no rights in the elevator as a part of the realty or at all.

In the meantime, however, and prior to the sheriff's sale, certain other creditors, who likewise were decreed to have no lien upon or right to the elevator as a part of the realty or at all, appealed to this court, with the result that, as to them and their claims, it was held that the elevator was part of the realty and foreclosure was ordered accordingly. *King v. Title Trust Co.*, 111 Wash. 508, 191 Pac. 748. It was, in that case, ordered

that the trial court correct the judgment in that respect, and the amended complaint in the present case shows that the judgment of the superior court was so corrected. Those other creditors are represented here, the one in its own original right and the other two by that one as their assignee. Those interests are represented by the Seattle Title Trust Company, the respondent in this case.

The decisive question in the case, as we see it, is whether or not the elevator is a part of the building so far as the rights of the respondent are concerned. That question was answered against the appellant in the case of *King v. Title Trust Company; supra,* and the final judgment of the superior court pursuant to the decision and directions of this court. The alleged redemption by the respondent from the sheriff's sale was made necessary in protection of its rights; it, together with its assignors, having succeeded in having it decreed that the elevator was a part of the realty as to their claims, and that redemption can in no way defeat the respondent in its original right and as assignee of its associate appellants in the former appeal to the effect that the elevator is a part of the realty.

Judgment affirmed.

MAIN, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.